NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARGARITO ANTONIO RAMIREZ-
MONTENEGRO,

        Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 21-84

Agency No.
A095-743-797

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 16, 2023[**]

Before:    BENNETT, MILLER, and VANDYKE, Circuit Judges.

Margarito Antonio Ramirez-Montenegro, a native and citizen of

Guatemala, petitions pro se for review of the Board of Immigration Appeals'

("BIA") order denying his motion to terminate proceedings, and alternatively, to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252.

We review for abuse of discretion the denial of a motion to terminate,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

*Dominguez v. Barr*, 975 F.3d 725, 734 (9th Cir. 2020), and the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010).  We dismiss in part and deny in part the petition for review.

Because Ramirez-Montenegro does not challenge the BIA's denial of his request to terminate, we do not address it.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

Ramirez-Montenegro's contentions regarding an insufficient notice to appear are foreclosed.  *See United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188, 1193 (9th Cir. 2022) (en banc) (lack of hearing information in notice to appear does not deprive immigration court of subject matter jurisdiction, and 8 C.F.R. § 1003.14(a) is satisfied when later notice provides hearing information).

The BIA did not abuse its discretion in denying Ramirez-Montenegro's motion to reopen to apply for cancellation of removal where he failed to demonstrate prima facie eligibility for the relief sought.  *See Garcia v. Holder*, 621 F.3d 906, 912 (9th Cir. 2010) (a motion to reopen will not be granted absent a showing of prima facie eligibility for relief based on demonstrating "a reasonable likelihood that the statutory requirements for relief have been satisfied" (internal quotation marks and citation omitted)).

We lack jurisdiction to review the BIA's denial of sua sponte reopening where Ramirez-Montenegro has not raised a legal or constitutional error.  *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has

jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part**.